2026 Tex. Bus. 24



The Business Court of Texas,
1st Division

| | | |
|---|---|---|
| DALLAS SPORTS GROUP, LLC AND RADICAL ARENA, LTD., *Plaintiffs* | §§§§§§§§§ | |
| v. | | Cause No. 25-BC01B-0049 |
| DSE HOCKEY CLUB, L.P. and DALLAS SPORTS & ENTERTAINMENT, L.P., *Defendants* | | |

## MEMORANDUM OPINION AND ORDER REGARDING ATTORNEYS' FEES

[¶ 1]   Before the court are the parties' Civil Practice and Remedies Code § 37.009 attorneys' fees requests.  For the following reasons, the court orders that each side shall bear its own attorneys' fees and costs in this case.

[¶ 2] Dallas Sports Group, LLC and Radical Arena, Ltd. (the Mavericks), invoked the court's declaratory judgment jurisdiction to determine whether they effectively redeemed DSE Hockey Club, L.P.'s

(Hockey Club) interests in a general partnership and that partnership's general partner. The Mavericks also requested emergency and permanent injunctive relief. Later, they amended their petition to add Hockey Club's parent company, Dallas Sports & Entertainment, L.P. (DSELP), as a defendant. (Hockey Club amended its answer and counterclaim to add affirmative defenses for, and a counterclaim by, DSELP.) The "Stars" refers to Hockey Club and DSELP unless indicated otherwise.

[¶ 3] The parties' substantive dispute focused on (i) the Mavericks' claim that they effectively redeemed the Stars' ownership interest in the entities operating the City of Dallas's American Airlines Center where both teams play their home games and (ii) the Stars' counterclaims.

[¶ 4] On April 2, 2026, the court ruled on seven dispositive motions. *See Dallas Sports Group, LLC v. DSE Hockey Club, L.P.*, 2026 Tex. Bus. 15, ___ S.W.3d ____ (1st Div.). A month later, it decided the last three dispositive motions. As a result, the Mavericks won on all substantive issues and are thus entitled to their requested declaratory and injunctive relief and a denial of the Stars' counterclaims.

[¶ 5] The next day the court conferred with counsel regarding the attorneys' fees issue. The court began by asking the parties to discuss what

they wanted to do with the attorneys' fees issue and invited "everybody to pursue whatever claims and rights and whatever they want."[1]

[¶ 6]   The court then referenced Civil Practice and Remedies Code § 37.009,[2] which provides that in a declaratory judgment case "the court may award costs and reasonable and necessary attorney's fees as are equitable and just."[3]

[¶ 7]   Pursuant to this statute's terms, the award of fees and costs is not mandatory, and the court may award fees and costs "to either party in all cases." *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009).   That is, "[a] prevailing party in a declaratory judgment action is not entitled to attorney's fees simply as a matter of law; entitlement depends on what is equitable and just, and the trial court's power is, in that respect, discretionary."   *Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Dist.*, 198 S.W.3d 300, 320 (Tex. App.—6th Dist. 2006, pet. denied).

[¶ 8]   Next, the court stated that under § 37.009, the factfinder decides the amount of a party's reasonable and reasonable attorneys' fees, but the

---

[1] May 5, 2026, Rough Transcript (Tr.) at 2.

[2] Tr. at 2.

[3] The court did not exclude other possible attorneys' fees grounds.

court has "broad authority to take the fact-findings and decide what to do with them."[4]

[¶ 9]   The court added:

> So[,] without ruling but giving you an inclination as to kind of what I think my starting point is to let you guys decide what we want to do with next week, my inclination is to start with each side pays their own fees.  And[,] so[,] given that information, do you all want a trial next week?  If we have a trial next week, do you want to [go] to the Court?  Do you want a jury trial?  Let me know.

[¶ 10]   Thereafter, the Mavericks' counsel responded that a jury trial on attorneys' fees might not be the best use of the jury's and parties' time.[5]  So, to obviate the need for a jury trial, he said that the night before he offered "to stipulate as to reasonableness, necessity, and amount of their fees and ours."[6]

[¶ 11]   Next, he suggested two solutions, the latter being each side pays their own fees.[7]  The court responded, "[w]ell, I'm wide open to being persuaded to do something else."[8]  The Mavericks' counsel acknowledged that opportunity and said he would discuss the matter with his clients.[9]

---

[4] Tr. at 3.
[5] Tr. at 3.
[6] Tr. at 3-4.
[7] Tr. at 4.
[8] Tr. at 4.
[9] Tr. at 4.

[¶ 12]  The Stars' counsel echoed the Mavericks' statements and said he would discuss the issue during the mediation scheduled for the next day.[10] He added that the parties and court should adopt a structure that promotes expediency if the court were to decide the attorneys' fees issue.[11]

[¶ 13]  The court and parties then discussed the logistics should there be a jury trial on attorneys' fees.[12]

[¶ 14]  Thereafter, the court acknowledged that the parties obviously had been thinking about what to do with the attorneys' fees issues.[13]  It then added that, without saying that it was exactly what it would do, it seemed that a logical starting point would be to have everybody pay their own fees but that the court was "open to being persuaded either way."[14]

[¶ 15]  The next day, the parties delivered a written stipulation that:

1. Plaintiffs and Defendants have incurred attorneys' fees with respect to their claims for Declaratory Judgment under section 37.009 of the Texas Civil Practice and Remedies Code;

2. The Plaintiffs' attorneys' fees in the amount of $3,600,000 are reasonable and necessary.

---

[10] Tr. at 4.
[11] Tr. at 4-5.
[12] Tr. at 6-7.
[13] Tr. at 7.
[14] Tr. at 7.

3. The Defendants' attorneys' fees in the amount of $3,600,000 are reasonable and necessary.

4. By these stipulations, neither party concedes the propriety of any fee recovery by the opposing party and request the Court award fees as it determines are equitable and just.

5. The parties request that the Court take notice of these stipulations of fact.[15]

[¶ 16]  In subsequent emails the parties confirmed that they waived further presentations regarding attorneys' fees and asked the court to rule on the issue.

[¶ 17]  The court considered the record, the parties' stipulation, and their waiver of their opportunity to persuade the court regarding an attorneys' fees request.  Based on the above, the court finds and concludes pursuant to Civil Practice and Remedies Code § 37.009 that each side paying its own fees and costs is equitable and just in this case.

It is so ORDERED.

_____
BILL WHITEHILL
Judge of the Texas Business Court,
First Division

SIGNED:  May 11, 2026

---

[15] May 7, 2026, Stipulation of Facts.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 114719536
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion and Order regarding Attorneys' Fees
Status as of 5/11/2026 1:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Laura Lisenbee | | llisenbee@jw.com | 5/11/2026 12:08:35 PM | SENT |
| Chris Bankler | | cbankler@jw.com | 5/11/2026 12:08:35 PM | SENT |
| Charles L.Babcock | | cbabcock@jw.com | 5/11/2026 12:08:35 PM | SENT |
| Pam Collins | | pcollins@jw.com | 5/11/2026 12:08:35 PM | SENT |
| Chad Baruch | | chad@jtlaw.com | 5/11/2026 12:08:35 PM | SENT |
| Minoo S.Blaesche | | mblaesche@jw.com | 5/11/2026 12:08:35 PM | SENT |
| Dallas Admin | | dallasadmin@adjtlaw.com | 5/11/2026 12:08:35 PM | SENT |
| Elizabeth Pittman | | epittman@jw.com | 5/11/2026 12:08:35 PM | SENT |
| Theron Bentz | | tbentz@jw.com | 5/11/2026 12:08:35 PM | SENT |
| Gabriela Barake | | gbarake@jw.com | 5/11/2026 12:08:35 PM | SENT |
| Sarah Starr | | sstarr@jw.com | 5/11/2026 12:08:35 PM | SENT |
| Ashley Collins | | acollins@adjtlaw.com | 5/11/2026 12:08:35 PM | SENT |
| Frank Carroll | | focarroll@winstead.com | 5/11/2026 12:08:35 PM | SENT |
| Joshua Sandler | | jsandler@winstead.com | 5/11/2026 12:08:35 PM | SENT |
| Cathi Trullender | | ctrullender@adjtlaw.com | 5/11/2026 12:08:35 PM | SENT |
| Julie Robertson | | jrobertson@winstead.com | 5/11/2026 12:08:35 PM | SENT |
| Jacqueline Jaramillo | | jacqueline@jtlaw.com | 5/11/2026 12:08:35 PM | SENT |
| Ben Hamel | | bhamel@winstead.com | 5/11/2026 12:08:35 PM | SENT |
| Andrew Patterson | | apatterson@winstead.com | 5/11/2026 12:08:35 PM | SENT |
| Hugo Acevedo | | hacevedo@winstead.com | 5/11/2026 12:08:35 PM | SENT |
| John David Janicek | | jjanicek@winstead.com | 5/11/2026 12:08:35 PM | SENT |
| Lea Ann Del Angel | | ldelangel@jw.com | 5/11/2026 12:08:35 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 114719536
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion and Order regarding Attorneys' Fees
Status as of 5/11/2026 1:14 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Lea Ann Del Angel | | ldelangel@jw.com | 5/11/2026 12:08:35 PM | SENT |
| Sarah Balasny | | sbalasny@winstead.com | 5/11/2026 12:08:35 PM | SENT |
| Business Court 1B | | BCDivision1B@txcourts.gov | 5/11/2026 12:08:35 PM | SENT |
| Douglas WAlexander | | dalexander@adjtlaw.com | 5/11/2026 12:08:35 PM | SENT |
| Kirsten MCastaneda | | kcastaneda@adjtlaw.com | 5/11/2026 12:08:35 PM | SENT |
| Max Ward | | mward@winstead.com | 5/11/2026 12:08:35 PM | SENT |